United States District Court
Southern District of Texas
**ENTERED**
January 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE CRUZ GARCIA PESCADOR, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-6070 |
| | § | |
| WARDEN GRANT DICKEY, *et al.* | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING WRIT OF HABEAS CORPUS

Petitioner Jose Cruz Garcia Pescador is detained in the custody of officials with the United States Department of Homeland Security Immigration and Customs Enforcement (ICE) at the Joe Corley Processing Center. Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) seeking immediate release. He also filed a motion for emergency injunctive relief (Dkt. 2).

The petition states that Garcia Pescador is a native and citizen of Mexico; that he entered the United States in 1998 and has lived here continuously for over 25 years; that immigration authorities detained him on September 5, 2025, after a traffic stop; that he appeared for a bond hearing on October 24, 2025, but the immigration judge denied jurisdiction to consider bond; that an immigration judge ordered on November 10, 2025, that he be removed; that he filed a Form EOIR-26 Notice of Appeal to the BIA on November 15, 2025, challenging the immigration judge's ruling; that his appeal remains

pending with the BIA and no final decision has issued; and that he has no criminal history, is not a danger to the community, and does not pose a risk to national security.  He further states that his wife is a United States citizen and filed a Form I-130 petition on his behalf, which USCIS approved on November 13, 2025; that he is the biological father of two children who are United States citizens; that he is the stepfather of four additional children who are United States citizens; that his wife is eight months pregnant with a high-risk pregnancy and that chromosomal abnormalities have been detected; and that he is the sole financial provider for his wife and seven children while his wife cannot work due to her condition. He claims that the respondents have not articulated any lawful basis to detain him, that his detention is unlawful under the INA, and that his detention violates his rights under the Due Process Clause.  He seeks immediate release, among other relief.

On December 22, 2025, the Court entered an order for an expedited answer (Dkt. 7).  The Court also entered an order to show cause (Dkt. 6) why the petitioner should not be immediately released from custody or, in the alternative, be granted a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within three days.

On December 29, 2025, the federal respondents filed a motion for summary judgment (Dkt. 9) opposing habeas relief and arguing that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b).  They also assert that the petitioner has not exhausted administrative remedies because he has not appealed to the BIA from the immigration judge's denial of bond.

The petitioner filed a response (Dkt. 10) arguing that 8 U.S.C. § 1225(b)'s plain language does not justify his detention given that he was not apprehended at the border and

was not seeking admission or undergoing inspection when detained.  He argues that the respondents' position conflicts with the plain language and statutory structure of the INA. The petitioner further argues that exhaustion is not required when, as here, the issue presented is purely legal, further administrative review would be futile, and the agency lacks authority to grant relief.  Finally, he argues that the Due Process Clause independently requires his release or a bond hearing.  He seeks immediate release or a bond hearing under 8 U.S.C. § 1226(a) within seven days.

Having considered the parties' briefing and all matters of record, the Court determines that the petitioner, who has been present in the United States for over 25 years, is not subject to mandatory detention under 8 U.S.C. § 1225(b).  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025); *Behnam Goorakani v. Lyons*, No. 25-CV-9456 2025 WL 3632896 (S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025).  The Court further determines that the exhaustion doctrine does not bar judicial review.  *See id*. at * 3 (exhaustion was not statutorily required under the circumstances and the issue of statutory interpretation belongs in the province of the courts); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (exhaustion is not statutorily required and was excused given that available remedies provided no genuine opportunity for adequate relief and the petitioner raised a substantial constitutional question); *Lopez-*

*Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *6 (W.D. Tex. Sept. 22, 2025).

The Court therefore **ORDERS** that the petitioner's petition for habeas relief (Dkt. 1) is **GRANTED**. The respondents are **ORDERED** to provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with all attendant burdens of proof, within seven days of the date of this order. In the alternative, if the respondents do not provide the petitioner with a bond hearing within seven days, the respondents are ordered to release the petitioner from custody by the end of the seventh day.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____January 9_____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE